848 F.2d 185
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nancy Bailey O'NEAL, Plaintiff-Appellant,
v.
PLANET INSURANCE COMPANY and United Pacific Insurance
Company, Defendant- Appellees.
 No. 87-1674.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 8, 1988.
Decided: May 25, 1988.
 
 John Rixey (Rixey & Rixey, on brief), for appellant.
 Frank Neil Cowan (Cowan & Owen, P.C., on brief), for appellees.
 Before JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges, and W. EARL BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 In December 1986 Nancy Bailey O'Neal filed this action over the issue of coverage under policies issued by appellees, Planet Insurance Company and United Pacific Insurance Company. The action alleged breach of contract and bad faith and sought compensatory and punitive damages and attorney's fees. The punitive damages claim was dismissed before trial. At trial, the court, without a jury, held against Ms. O'Neal on all other claims.[1]
 
 
 2
 Nancy Bailey O'Neal appeals.
 
 
 3
 In June of 1983 the appellant, an employee of Minute Man Fuels, was involved in an automobile accident while engaged in the course of her employment. The vehicle she was driving was insured by United Pacific Insurance Company (United), under a policy with a liability limit of $500,000. A workmen's compensation policy issued by Planet Insurance Company (Planet) was also in effect. Both United and Planet are members of the Reliance Group of insurance companies (Reliance).
 
 
 4
 The other vehicle involved in the accident was operated by a Mr. Stahura and was insured by State Farm Mutual Insurance Company (State Farm) with a policy liability limit of $100,000. Following trial in an action against Stahura, the appellant received a verdict in her favor in the sum of $655,500 with interest and costs. In September 1985 State Farm paid the appellant the full amount of its coverage--$100,000.
 
 
 5
 The appellant also filed a workmen's compensation claim with the Industrial Commission of Virginia from which she received payments for medical expenses and workmen's compensation benefits in the amount of $56,588.77. As a result, Planet was subrogated to the appellant's rights against Stahura and was entitled to receive $56,588.77 from the $100,000 paid by State Farm, one-third of which was payable to appellant's attorney for fees for the collection of the workmen's compensation subrogation lien.
 
 
 6
 In June 1986 Reliance paid the sum of $392,181.12 to the appellant, said sum having been arrived at as follows:
 
 
 7
 Limit on uninsured motorist coverage under the United policy $500,000.00
 
 
 8
 Less amount paid under Mr. Stahura's policy (State Farm) -100,000.00
 
 
 
 Underinsured motorist coverage $400,000.00
 Less workmen's compensation lien (paid under Planet policy) -56,852.28[2]
 
 
 Principal sum owed $343,147.72
 
 9
 Interest at 12% for 263 days (September 18, 1985June 8, 30,081.94
 
 1986)
 
 10
 One-third attorney's fee on workmen's compensation lien 18,950.76
 
 
 
 $392,180.42[3]
 
 
 
 11
 The appellant accepted this payment under protest and subsequently filed this action.
 
 
 12
 The first question for review is whether United owed its full liability coverage ($500,000) to the appellant. We conclude that it did not. Appellant argues that United erred, in fact breached its contract, when it deducted the $100,000 from State Farm before awarding her payment. She argues that there is an ambiguity in the policy, which should be read in her favor, and that under paragraph E.2. of United's Uninsured Motorist Endorsement no deduction is to be made.[4] Appellant's argument and construction of the policy are unpersuasive.
 
 
 13
 Paragraph E.2. of the Uninsured Motorist Endorsement concerns the limits of United's liability with respect to uninsured motorist insurance. This coverage is separately contained within the policy and is required under Virginia law. Va.Code Ann. Sec. 38.2-2206(A) (1986). Paragraph E.3. which appellant argues conflicts with paragraph E.2. (and hence should be ignored), provides the limits of United's liability "for a vehicle described in paragraph b. of the definition of uninsured motor vehicle". The definition of uninsured motor vehicle under paragraph b. specifically relates to an underinsured motor vehicle.
 
 
 14
 The provisions in United's policy for underinsured motorist insurance could probably be made more clear; however, we concur in appellees' interpretation of the policy coverage, the meaning of paragraphs E.2. and E.3. and the obligations under Virginia law. Specifically, the objective is to provide an injured plaintiff with a pool of insurance proceeds that is the same as he provides for others, no more, no less. The plaintiff has available the full limit of his uninsured motorist coverage if he is injured by an uninsured motorist. If the plaintiff is injured by an underinsured motorist, he has available the tort-feasor's liability coverage plus the difference between the tort-feasor's coverage and the plaintiff's uninsured motorist coverage. The reservoir of insurance protection is the same. Indeed it would be anomalous to maintain a system of insurance recovery that depends on the fortuity of whether a potential plaintiff is injured by an underinsured or uninsured motorist. In such a system a person injured by a hit-and-run driver would be limited to the uninsured coverage on his policy,[5] whereas that same injury by an identified underinsured motorist would somehow warrant greater recovery.
 
 
 15
 The applicable provisions of the Virginia Code further support the conclusion that Reliance properly deducted State Farm's $100,000 coverage when it determined the amount of underinsured motorist coverage available. Va.Code Ann. Sec. 38.2-2202 (1986) (uninsured motorist coverage equals liability coverage); Va.Code Ann. Sec. 38.2-2206(A) (1986) (a person cannot buy uninsured motorist limits higher than his liability limits; a person's underinsured motorist coverage equals his UM coverage [which is the same as his liability coverage] less the liability coverage available to the underinsured tortfeasor).
 
 
 16
 Appellant next argues that United owed her interest. Specifically, she argues that under the policy United is liable for all interest accruing after entry of judgment, that is, the entire judgment of $655,500 rather than the interest calculated by United on the sum of $343,147.72 which was paid under the policy. According to the appellant, the district court erred when it relied on the case of Bryant v. Liberty Mutual Insurance Company, 407 F.2d 576 (4th Cir.1969). Bryant held that a supplementary payments provision of an automobile liability policy requiring the insurer to pay interest on the entire amount of the judgment was inapplicable to a suit under the uninsured motorist endorsement. In fact, the court below simply noted that the insurer had not assumed the obligation to pay interest on the entire judgment. This conclusion is supported by the decision in Bryant insofar as it noted that a "provision relating to interest on the entire judgment is [for] the protection of the insured when the insurer decides to contest liability and a judgment in excess of the policy limits is returned against the insured." 407 F.2d at 582. The applicability of Bryant ends there. Under part IV--Liability Insurance of the Business Auto Policy, part B entitled "We Will Also Pay", subsection 5, the policy reads as follows:
 
 
 17
 All interest accruing after the entry of the judgment in a suit we defend. Our duty to pay interest ends when we pay or tender our limit of liability.
 
 
 18
 Under this provision interest should accrue where an insured is the defendant, and not the plaintiff, and for the purpose of protecting the insured as noted in Bryant. This provision should not be read to impose an obligation on United which it did not assume.
 
 
 19
 Before trial the district court granted appellees' motion for a partial judgment on the pleadings and dismissed count 2 of the complaint seeking punitive damages. That count alleged that the appellees failed to deal fairly with the appellant in the handling and disposition of her claim, that the appellees violated the Virginia Unfair Trade Practices Act (Va.Code Ann. Sec. 38.1-49 (1952) [repealed] now Sec. 38.2-500 et seq. (1986)) and that the appellees, acting through their agents and employees, acted "arbitrarily, willfully and intentionally so as to constitute fraud and deceit." Appellant also alleged a separate tort of bad faith. The district court, relying on our decision in A & E Supply Co. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669 (4th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1302 (1987), reviewed the documents filed and found that the appellant had failed to allege facts sufficient to establish an independent tort on which she could rest a claim for punitive damages. In A & E Supply we held that under Virginia law punitive damages are only recoverable for a breach of contract if such breach amounts to an independent and willful tort. We further held that the Virginia Unfair Trade Practices Act did not create a private cause of action, and that Virginia law did not recognize a tort remedy for bad faith refusal to honor a first party insurance claim. Appellant now urges the court to reconsider its decision in A & E Supply. We decline the invitation and conclude that the district court properly applied the law in dismissing the claim.
 
 
 20
 Finally, appellant argues that she is entitled to reasonable attorney's fees based upon Va.Code Ann. Sec. 38.1-32.1 (1982), now Sec. 38.2-209 (1986). This is a permissive section which allows a judge to award attorney's fees where an insured sues his insurer to determine the extent of his coverage and there has been some showing that the insured was denied coverage in bad faith. There is nothing in the record that suggests that attorney's fees are warranted or that the district court erred in not granting them.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 The court did award judgment in the sum of $199.15, which simply represented a miscalculation in the amount previously paid by the appellees
 
 
 [2]
 The appellees subsequently agreed that the correct figure was $56,588.77
 
 
 [3]
 Appellees' check was drafted in an amount seventy cents higher, $392,181.12
 
 
 [4]
 Paragraph E of United's Uninsured Motorists Insurance Endorsement provides as follows:
 E. OUR LIMIT OF LIABILITY
 
 
 [1]
 Regardless of the number of covered autos, insureds, claims made or vehicles involved in the accident the most we will pay for all damages resulting from any one accident is the limit of UNINSURED MOTORISTS INSURANCE shown in the declarations. Such limit of liability shall first provide the separate limits required by the Virginia Motor Vehicle Safety Responsibility Act as stated in the schedule or declarations
 
 
 [2]
 Except for a vehicle described in paragraph b. of the definition of uninsured motor vehicle, any amounts otherwise payable for damages under this insurance shall be reduced by all sums paid by anyone who is legally responsible, including all sums paid under the policy's LIABILITY INSURANCE
 
 
 [3]
 For a vehicle in paragraph b. of the definition of uninsured motor vehicle our limit of liability shall be reduced by all sums paid by or for anyone who is legally responsible, including all sums paid under the policy's LIABILITY INSURANCE
 
 
 [5]
 "A motor vehicle shall be deemed uninsured if its owner or operator is unknown." Va.Code Ann. Sec. 38.2206(B) (1986)